(7 Misc. Rep. 695.)

### COCHRAN COTTON-SEED OIL CO. v. PHENIX INS. CO. OF BROOKLYN.

(Common Pleas of New York City and County, General Term.   April 2, 1894.)

INSURANCE—MISTAKE IN POLICY—REFORMATION.

A policy of insurance covering plaintiff's property generally was by an indorsement apportioned among several items.   When the policy was about to expire, plaintiff took it to defendant's agent, with a request for renewal, but there was no request for a different policy, or for any alteration of the terms of the old one.   Held, that it was the intention of the parties that the new policy should contain the same provisions as those indorsed on the old policy, and that it would be reformed accordingly.

Appeal from trial term.

Action by the Cochran Cotton-Seed Oil Company against the Phenix Insurance Company of Brooklyn to recover on a policy of fire in-

surance on plaintiff's property at Rock Hill, S. C. From a judgment entered on a verdict in favor of plaintiff, defendant appeals. Modified.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Lyon & Smith, for appellant.
Robert B. Honeyman, for respondent.

DALY, C. J.    The plaintiff obtained a verdict for $3,000, the full amount of its policy of fire insurance, issued by defendant, upon "all kinds of fixed and movable machinery, shafting, belting, and piping" in its brick building and extension in Rock Hill, S. C. The defendant claimed the policy to be void because plaintiff had procured other insurance, not within the permission in the policy for "additional concurrent insurance." It was claimed that the other insurance was not concurrent, because the policies therefor (which embraced other property) did not specify the amount of risk upon the particular property described in the policy in suit, but insured a gross amount upon that and other property.    Whether such insurance was "concurrent" was left by the trial court to the jury to determine; but there can be no question upon this point, because such insurance was expressly recognized and provided for under the subsequent clause of the policy, which provided for pro rata contribution by other insurers, and declared that "any blanket or general policy or policies attaching in whole or in part to the property specified in this policy shall, as between the assured and this company, be considered as contributing insurance for the full amount of such policy or policies, and liable, as such, to pay pro rata any loss, total or partial, on the property herein specified."    This provision clearly intends that such policies were not deemed nonconcurrent.    But the principal issue in the case arose upon the claim of defendant that the policy in suit, as issued, did not express the intention of the parties to it, owing to a mistake in its terms; and that it should be reformed.    The alleged mistake was the omission of certain provisions contained in a previous policy issued by defendant to plaintiff.    When this previous policy was about to expire, plaintiff's agent, Mr. Zimmele, brought it to defendant's agent with a request for renewal.    It contained several successive indorsements as to the property insured, and the amount of risk on different items.    The first indorsement was made September 11, 1891, and is as follows:  "This policy is made to cover from this date as follows:  Three thousand dollars on all kinds of fixed and movable machinery, shafting, belting, and piping."  This indorsement was inserted in the renewal policy, the other and subsequent indorsements being omitted by the clerk or draughtsman in the office of defendant's agents.    His instructions were to make out a renewal of the original policy, and his omission is not to be accounted for, except as the result of inadvertence.    The subsequent indorsements on the original policy were made, respectively, October 8, 1891, and October 18, 1891.    The former divided the $3,000 of insurance pro rata among several items aggregating $14,315.    The final indorse-

ment divided the $3,000 pro rata among the same and additional items, aggregating in valuation $21,490.50. The defendants contend that by a renewal of the policy the plaintiff intended its renewal as it was last indorsed, and as it existed, therefore, when the renewal was asked for. This contention appears to be not only reasonable, but, upon the evidence, unquestionable. Defendant's witnesses testify that Mr. Zimmele simply ordered the old policy to be renewed, and he does not deny it; not being able to recollect what he said at the time. There is not the least evidence that an application was made for a different policy at that time, nor for any alteration of the terms of the old one. When the new policy was made out it was seen by Mr. Zimmele, but he did not examine it closely; neither did the agents in whose safe it remained, with other policies, until the fire. It is clear from the facts that Mr. Zimmele had no other policy in mind than that which existed when he ordered its renewal, nor had the agents; and that the minds of the parties agreed upon the terms of a policy such as then existed, and that both were mistaken in supposing that the new policy contained those terms. The difference between the two policies caused by the mistake was very material. The policy intended to be renewed, as it existed at the time of renewal, provided as follows:

$3,000.00 pro rata on each item and amt. not exceeding in all $3,000. $15,-000.00 on fixed and movable machinery of every description, shafting, belting, piping, heating and lighting apparatus, pulleys, hangers, tools, furniture, and fixtures, apparatus, and implements used in their business. $3,500.00 on their engine and connections in engine house, wheel, shafting, belting in engine room. $2,400.00 on boiler and connections in boiler house, and boiler house. $65.00 on tank in rear of main building. $375.50 on their seed annex. All contained in the brick metal-roof building and its frame metal-roof extension of the Rock Hill Cotton-Seed Oil & Fertilizers Co., situated on the west side of the C. C. & A. Railroad, Rock Hill, So. C. $150.00 on furniture and office situated on the west side of the C. C. & A. Railroad, Rock Hill, S. C. $21,490.50.

Under such policy, in case of a total loss upon the item of machinery, the assured could recover only the proportion of the $3,000 insurance which the value of such machinery, $15,000, bore to the aggregate valuation, $21,490.50; that is to say, he would be entitled to a little over 70 per cent. of the $3,000. Under the policy unreformed he would be entitled to the whole $3,000 in case of such total loss. The jury gave a verdict for that amount, refusing to find that the policy should be reformed. The defendant claims that the recovery should be reduced to $2,424.05, with interest, upon the ground that the right to reformation was established. Plaintiff urges that defendant waived the right to reformation by submitting the facts to the adjuster after the fire, who subsequently adjusted the loss at $3,000. It is difficult to understand how defendant waived its right by submitting the facts in support of its contention to the person whose decision was appealed to. On the contrary, the facts show that the right now set up was claimed from the beginning, i. e. from the time of the fire, when the mistake was discovered. It is also urged that defendant must be deemed to have issued the policy with

knowledge of its contents, because the knowledge of the clerk who drew it is imputable to his employers, defendant's agents. If this were so, it would exclude a principal from all relief in case of mutual mistake in the terms of an agreement drafted by his agent, who had inadvertently omitted a material clause. Upon the issue presented the jury should have found for the reformation of the policy, and the plaintiff ought to have made out a case upon the corrected agreement. As no recovery under it beyond the amount for which defendant now offers to accept the modification referred to could be had, the judgment will be reduced accordingly, if plaintiff agree thereto, otherwise a new trial should be ordered. The judgment is modified by reducing the verdict to $2.424.05, with interest, and costs, and, as so modified, is affirmed, if plaintiff consent, without costs of this appeal to either party; otherwise, judgment reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.